CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 7:22-cr-00048 |
| ROBERT EUGENE THOMPSON, | ) | |
| | ) | By: Michael F. Urbanski |
| Defendant | ) | Senior United States District Judge |

# MEMORANDUM OPINION

This matter is before the court on defendant Robert Eugene Thompson's pro se motion for early termination of supervised release. ECF No. 64. For the reasons stated below, the court **DENIES without prejudice** Thompson's motion.

On May 3, 2023, Thompson pled guilty to one count of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Plea Agreement, ECF No. 44. The agreed statement of facts set forth the following:

> Robert Eugene Thompson sold a confidential informant a Taurus G2C pistol. On November 2, 2022, Thompson advertised the gun for sale via text message. The informant paid Thompson $150 via CashApp, a digital payments platform. The following day, Thompson sold the gun at his residence in a transaction that was captured on video. He accepted an additional $225 in cash for the Taurus, two magazines (each partly loaded), and 50 rounds of ammunition.

Agreed Statement of Facts, ECF No. 45. Thompson had previously been convicted of a crime punishable by more than one year of imprisonment and was aware of that fact. Id. At the time Thompson committed the instant offense, he was serving a term of supervised release

imposed for a previous conviction on two counts of crack cocaine distribution, one count of possession of a firearm in furtherance of drug trafficking crime, and two counts of being a felon in possession of a firearm. Pre-Sentence Investigation Report (PSR), ECF No. 57 ¶ 37.

On September 26, 2023, the court sentenced Thompson to a term of 18 months to be served consecutively to the eight-month term of incarceration imposed for violation of the terms of supervision in the previous case, all of which was to be followed by a two-year term of supervised release.[1] ECF No. 62. Thompson was released to begin serving his term of supervision on July 10, 2025, and the term is set to expire on July 9, 2027.

The court sought input from the United States Probation Officer who supervises Thompson. The officer advised that Thompson has reported as instructed and has had no major issues. He is unable to work because of a disability and receives disability income. All his drug screens have been negative. Although Thompson has done well, the probation officer remains opposed to early termination because Thompson committed the instant firearm offense while he was serving a term of supervision for the previous drug and firearm offenses. The government is opposed to early termination of supervised release for Thompson for the same reason—that he sold a firearm while on supervision for his previous drug and firearm offenses. Resp., ECF No. 65.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of

[1] See United States v. Thompson, No. 7:15-cr-00099 (W.D. Va. filed Nov. 12, 2015) at ECF No. 93.

justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[2]

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no

[2] Effective November 1, 2025, the United States Sentencing Commission issued a policy statement applicable to early termination motions. See United States Sentencing Guidelines Manual § 5D1.14(b), p.s. The court has considered the policy statement in its determination of Thompson's motion.

longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Thompson sold a firearm to a confidential informant while aware that he had been convicted of a felony and also while being aware that he was serving a term of supervision for previous drug distribution and firearm offenses. The serious and dangerous nature of the offense coupled with the fact that Thompson was on supervision when he sold the firearm weigh heavily against early termination of supervised release.

Regarding his history and characteristics, Thompson's criminal history is significant for three convictions of assault and battery on a family member and one count of shooting into an occupied dwelling when he was in his twenties. PSR, ECF No. 57 ¶ 28–30, 32. When he was 34, he was convicted of the federal charges described above. While the court is impressed with Thompson's compliance with the terms of supervision since his release from custody last year, the court remains concerned about Thompson's history of committing violent and dangerous crimes and the fact that he committed his most recent offense while on supervision for the previous federal offenses. Overall, Thompson's history and characteristics weigh against early termination of supervised release.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, having Thompson remain on supervised release will address both of these

important concerns. In addition, having Thompson remain on supervised release provides him with continued structure and accountability and offers assurance to the public that he will continue to be monitored by his probation officer.

Regarding the established sentencing range for the category of Thompson's offense, he faced a statutory term of supervised release of not more than three years and a guidelines term of one to three years. Id. ¶¶ 63–64. The fact that Thompson has served only slightly more than the minimum guidelines term of supervision weighs in favor of his remaining on supervised release. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

The court is impressed with Thompson's success thus far during his term of supervision but concludes that having him remain on supervised release will protect the public and continue to deter criminal conduct. Accordingly, the court **DENIES without prejudice** Thompson's motion for early termination of supervised release, ECF No. 64.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: Sept. 29, 2026

Michael F. Urbanski
Senior United States District Judge